UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **Leland Foster**, | ) |
| Plaintiff, | ) Case No. 2:17-cv-2054 |
| v. | ) |
| | ) Judge Colin Stirling Bruce |
| **SPIRIT MASTER FUNDING II, LLC** a Delaware limited liability company, | ) Magistrate Judge Eric I. Long |
| And | ) |
| **CARROLS, LLC**, a Delaware limited liability company | ) |
| Defendants. | |

## AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, **Leland Foster**, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., Counsel for Plaintiff, hereby files this Complaint against Defendant **Spirit Master Funding II, LLC**, a Delaware limited liability company, and **Carrols, LLC**, a Delaware limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, **Leland Foster**, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42

1

U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in the Central District of Illinois as venue lies in the judicial district of the property *situs*. The Defendants' property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, **Leland Foster** ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant **Spirit Master Funding II, LLC** owns a building wherein there operates a Burger King, located at **4241 N Prospect Dr, Decatur, IL 62526** in Macon County. Plaintiff has patronized Defendants' restaurant previously as a place of public accommodation.

6. Defendant Carrols, LLC operates the Burger King business located at **4241 N Prospect Dr, Decatur, IL 62526** in Macon County.

7. Upon information and belief, the facilities owned by **Spirit Master Funding II, LLC** and operated by **Carrols, LLC** are non-compliant with the remedial provisions of the ADA. As Defendants own, leases, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA.

       Defendants' facilities as a restaurant and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

8. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.  On April 18, 2015, September 23, 2016 and previous occasions, Plaintiff visited the property that forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.

9. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community, including hand cycle events in central Illinois. Through his involvement in adaptive sports he has established friendships throughout Illinois. Further, Plaintiff is a member of a triathlon club based in Chicago, IL which also participates in events widely in central Illinois. Leland Foster frequents many establishments in the Macon County region, including the restaurant at issue.  During the Plaintiff's visits to Defendants' restaurant he encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Plaintiff's safety.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access,

or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the restaurant and its amenities without fear of discrimination.

12. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages

and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendants have discriminated and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the Burger King building as owned by **Spirit Master Funding II, LLC**, and business operated by **Carrols, LLC**, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes and Parking

A. The curb ramp has no level landing at its terminus, in violation of the ADA whose remedy is readily achievable.

B. The accessible route into the restaurant has excessive side slope, in violation of the ADA whose remedy is readily achievable.

C. Parking access aisles do not lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

D. There is a 2 inch curb at the terminus of the access aisles and where the ramp begins, in violation of the ADA whose remedy is readily achievable.

E. Some designated accessible parking signage is not mounted at required height, in violation of the ADA whose remedy is readily achievable.

Restrooms

F. The lavatory pipes are not insulated to protect from scalding or contact, in violation of the ADA whose remedy is readily achievable.

G. The signage on the restroom doors is improperly mounted and does not include tactile characters, in violation of the ADA whose remedy is readily achievable.

H. There are amenities mounted in excess of the allowable reach range, in violation of the ADA whose remedy is readily achievable.

  I. There are no urinals mounted at the required height range, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

  J. The service and transaction counters exceed the maximum height requirement, in violation of the ADA whose remedy is readily achievable.

  K. Restaurant amenities such as condiments and napkins are located in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

  L. The Defendants lack or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

15. The discriminatory violations described in Paragraph 14 by Defendants **Spirit Master Funding II, LLC** and **Carrols, LLC** are not an exclusive list of the Defendants' ADA violations. Plaintiff requires further inspection of the Defendants' place of public accommodation and facilities in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation, facilities and operations in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The restaurant property at issue, as owned by **Spirit Master Funding II, LLC**, and operated by **Carrols, LLC**, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and

advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (MI Bar no. p66315)*
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
dunnlawoffice@sbcglobal.net
*admitted to practice in U.S.D.Ct for Central IL